# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

|  |  |
|---|---|
| DARIC L. NIX, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 7:24-cv-00337-LCB-SGC |
| WARDEN JOHN HUTTON, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On August 13, 2025, the magistrate judge entered a report recommending the Court deny the motion for summary judgment filed by defendants Warden John Hutton and Demyja Woods.[1] (Doc. 18). Hutton and Woods have timely presented four challenges to the Report and Recommendation. (Doc. 19). For the reasons below, the Court WILL OVERRULE the objections, WILL ADOPT and APPROVE the Report and Recommendations, and WILL GRANT IN PART and DENY IN PART Defendants' Motion for Summary Judgment. (Doc. 13).

---

[1] Woods is identified in the complaint and Order for Special Report as John Doe; however, on September 18, 2024, Woods acknowledged receipt of the complaint and waived service. (Doc. 10). Woods subsequently joined Warden Hutton in seeking an extension to file a Special Report "as the alleged Correctional Officer John Doe in the Complaint." (Doc. 11). Accordingly, the docket was updated to substitute Woods for the John Doe defendant. (Doc. 12).

1

## I. Background

Nix seeks compensatory and punitive damages for the defendants' alleged failure to protect him in violation of the Eighth Amendment of the United States Constitution. (Doc. 1 at 7). Nix alleges that on April 2, 2023, while he was incarcerated at Bibb Correctional Facility, he was attacked by another inmate, Jaquavious Weathers, who eventually cut Nix across the face with a knife. (Doc. 1 at 5-6). Nix alleges that, prior to this incident, he informed Hutton that Nix needed to be separated from Weathers because Weathers had previously threatened Nix and there was "bad blood" between them. (*Id.*). Nix further alleges that immediately before Weathers stabbed him, Nix told Woods that Woods needed to move either Nix or Weathers because Weathers had previously threatened Nix and was now drunk; Woods took no action. (*Id.*). When Nix treated at Brent Medical Center, he received 25 stitches and was told the force from the assault fractured a bone in his face. (*Id.*). Hutton later told Nix that Hutton had planned to move Nix but "never got around to doing it after [Hutton] received [Nix's] request slip." (*Id.* at 6).

Defendants mostly deny Nix's allegations. First, Hutton denies that Nix ever notified him regarding the issues with Weathers. (Doc. 13-5 at 2-4). He also denies telling Nix he planned to move Nix but never got around to doing so. (*Id.* at 4). According to Hutton, he had no knowledge of any issue between Nix and Weathers before the incident. (*Id.*). Second, Woods asserts that his first involvement in the

incident between Weathers and Nix came after Weathers stabbed Nix when Woods found Nix at the dorm entrance. (Doc. 13-6 at 2). Woods denies Nix told Woods about Weathers's threats prior to the assault. (*Id.* 2-3).

## II. The Report and Recommendation

First, the magistrate judge rejected Woods's arguments regarding being improperly identified as the John Doe defendant. (Doc. 18 at 9). The Order for Special Report identified the John Doe defendant as the officer on duty on April 2, 2023, and in response, Woods appeared and waived service. (*Id.*). Consequently, she determined this argument was a question of fact to be resolved by the jury. (*Id.*).

Second, regarding Nix's claim for failure to protect, the magistrate judge concluded that the parties' competing versions of events presented a question of fact that precluded summary judgment. (*Id.* at 13-16). Nix's complaint was sworn and thus competent summary judgment evidence;[2] because Nix was the nonmoving party, the magistrate judge viewed the competing facts in the light most favorable to him and drew all reasonable inferences in his favor. (*Id.* 13-14). Nix's complaint contained allegations to support all elements of a failure to protect claim, so the

---

[2] Although Nix's complaint was not notarized, the magistrate judge concluded that it complied with the statutory requirements of 28 U.S.C. § 1746 because it was signed, dated, and declared true under penalty of perjury. (Doc. 18 at 6) (citing *Roy v. Ivy*, 53 F.4th 1338, 1347–48 (11th Cir. 2022) (holding § 1746 requires a declarant to "(1) date and sign the document, and (2) subscribe its content as 'true,' (3) under 'penalty of perjury,' (4) in substantially" the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).")).

3

magistrate judge reasoned that the defendants were not entitled to summary judgment given the multiple questions of material fact. (*Id.* at 16).

Third, the defendants argued they were entitled to summary judgment on alleged claims for failure to intervene and supervisory liability. (Doc. 13 at 19-21). The magistrate judge rejected these arguments because, when issuing the Order for Special Report, the court did not discern either a claim for failure to intervene or one for supervisory liability, and Nix did not advise the court that it had misconstrued his claims. (Doc. 18 at 16-17).

Finally, the magistrate judge mostly rejected the defendants' invocation of Eleventh Amendment immunity and qualified immunity. (*Id.* at 20, 22). As to Eleventh Amendment immunity, she recommended the court grant summary judgment in favor of the defendants on Nix's claims for money damages against them in their official capacities. (*Id.* at 19). Nevertheless, the complaint also indicated an intent to seek damages from the defendants in their individual capacities rather than from the state, and that claim was not barred by Eleventh Amendment immunity. (*Id.* at 19-20).

Regarding qualified immunity, the magistrate judge concluded Nix's allegations demonstrated a violation of a constitutional right that was clearly established at the time of the attack because (1) the defendants' obligation to protect Nix in the face of a known threat was a broad, clearly established principle and (2)

4

the defendants' alleged conduct was materially similar to the conduct the Eleventh Circuit found violated the Eighth Amendment in *Rodriguez v. Secretary for Department of Corrections*, 508 F.3d 611, 622 (11th Cir. 2007). Accordingly, she recommended the court deny the defendants' motion for summary judgment. (Doc. 18 at 23).

### III. Analysis

The defendants present four objections to the Report and Recommendation, all of which are due to be overruled. (Doc. 19). First, Woods objects to the magistrate judge's statement that he acknowledged being involved in the incident because he discovered Nix bleeding from the side of the face and escorted him to the Health Care Unit. (*Id.* at 3). Woods does not explain how this characterization of his testimony led the magistrate judge to an incorrect conclusion. Although Woods phrased his testimony differently, a review of his affidavit demonstrates that he does, in fact, acknowledge interacting with Nix in connection with the incident, even though Woods denies interacting with Nix before Weather stabbed Nix. The magistrate judge correctly concluded that Woods's testimony does not entitle him to summary judgment on this point because there is a question of fact regarding Woods's knowledge and involvement with this incident.

Second, Woods clarifies that he appeared and waived service because the Post Duty log listed Woods as the officer assigned to Nix's dorm on the night of the

incident. (Doc. 19 at 4). As he did in the motion for summary judgment, Woods contends Nix's complaint stated only that he spoke to an officer who "had come in the dorm"–Woods contends this "could have been a random officer and not necessarily the officer assigned to [Nix's] dorm." Woods does not, however, offer any argument that the magistrate judge incorrectly concluded that whether Nix spoke to Woods or another officer was a question of fact. Further, it is unclear why Woods appeared and waived service if he believed the Order for Special Report did not accurately identify the John Doe defendant. The complaint and Order for Special Report were served on the General Counsel for the Alabama Department of Corrections, and Woods appeared and waived service. (Doc. 4). By doing so, he identified himself as the John Doe, and at this juncture, whether Nix spoke to Woods or another officer is a material question of fact that cannot be resolved through a summary judgment motion.

Third, the defendants object to the magistrate judge's statement that they "do not dispute that they took no action to separate Nix and Weathers before the altercation." (Doc. 19 at 3). They contend that because they testified that they did not know about Weathers's threats to Nix, there was no reason for them to act. (*Id.*). For this to be a basis to reject the Report and Recommendation, however, the defendants must demonstrate their lack of knowledge is undisputed. It is not. Nix

alleges he informed both defendants about Weathers's threat; both defendants deny that allegation. The magistrate judge correctly drew this inference in favor of Nix.

Fourth, the defendants object to the magistrate judge's conclusion that "[a] reasonable juror could conclude [they] knew their inaction would not reasonably protect Nix from Weathers because both testified that their practice upon receiving reports of safety concerns is to take some action to initiate an investigation into the situation." (Doc. 19 at 3-4). Instead, they argue, their testimony could lead a reasonable juror to conclude Nix never told them that Weathers was a potential assailant before the assault. (*Id.*). This is true—a reasonable juror could credit their testimony over Nix's. A reasonable juror could also credit Nix's testimony over the defendants' testimony. Again, the summary judgment standard required the magistrate judge to view this question of fact in Nix's favor. Importantly, the defendants have failed to demonstrate that a reasonable juror could not credit Nix's testimony.

The defendants' objections are all based on the magistrate judge's interpretation and inference of fact in favor of Nix rather than in favor of them. But this is the correct summary judgment standard. The defendants have failed to demonstrate that there is no genuine issue of material fact as required to be awarded summary judgment. Accordingly, this case presents several fact questions that must be decided at trial.

## IV.  Conclusion

For the foregoing reasons, the defendants are entitled to summary judgment only on Nix's claims for money damages against them in their official capacity. Genuine issues of material fact exist regarding Nix's claims against the defendants in their individual capacities. Accordingly, the court **OVERRULES** the defendants' objections (Doc. 19), **ADOPTS** the report, and **ACCEPTS** the recommendation. (Doc. 18). The defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 13).

**DONE** and **ORDERED** this September 10, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE